UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 220 COSTER, LLC and B & M LINEN CORP. | : | |
| d/b/a MIRON & SONS LINEN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No.:  1:14-cv-07027-AJN |
| v. | : | |
| | : | |
| MASSACHUSETTS BAY INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND DEFENSES TO COMPLAINT

Defendant Massachusetts Bay Insurance Company ("Mass Bay"), for its answer and

defenses to the complaint of 220 Coster, LLC and B&M Linen Corp. d/b/a Miron & Sons Linen

("Plaintiffs"), states as follows:

1.      Mass Bay admits that Plaintiffs characterize the nature of this action as set forth in

this paragraph, but deny such characterization and deny liability to Plaintiffs.

2.      Admitted, on information and belief.

3.      Admitted, on information and belief.

4.      Mass Bay admits that it is a corporation organized under the law of the state of

New Hampshire, and maintains its principal place of business in the Commonwealth of

Massachusetts.

## Jurisdiction & Venue

5.      The allegations of this paragraph purport to state a conclusion of law to which no

responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay

admits that this Court has subject matter jurisdiction over this action.

6.      The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay admits that venue is proper in this judicial district.

7.      The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay admits that it is subject to specific personal jurisdiction in this judicial district.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted, on information and belief.

12.     Mass Bay admits, on information and belief, that Coster owns and at all times relevant rented to B&M the premises identified in this paragraph, from which B&M operated a laundry service business.  Mass Bay lacks knowledge or information sufficient to form a belief as to the truth of the allegation of this paragraph that Coster "operates 220 Coster Street."

13.     Admitted.

14.     Admitted, on information and belief.

15.     Mass Bay admits that the work described in this paragraph was done, but denies that it was done at Mass Bay's request.

16.     Admitted, on information and belief.

17.     Admitted, on information and belief.

18.     Mass Bay admits that the fire damage rendered it impossible for the laundry business to operate.  Mass Bay lacks knowledge or information sufficient to form a belief with respect to the allegation of this paragraph that Coster was unable to collect rent from B&M as a

2

result of the fire.  Mass Bay otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19.     Mass Bay admits, on information and belief, that the insureds lost revenue as a result of the fire.

20.     Denied.

## The Insurance Policies

21.     Mass Bay admits that two policies were issued to Plaintiffs, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policies.  The policies are written contracts, the terms of which speak for themselves.

22.     Mass Bay admits that it issued the referenced policy, number ZDY 892427701, and that a copy of the policy appears to be attached to the complaint as Exhibit A (the "Laundry Operations Policy").  Mass Bay will produce a certified copy of the policy during the course of discovery in this action.

23.     Mass Bay admits that the referenced page of the Laundry Operations Policy identifies 220 Coster LLC as an additional named insured.  Mass Bay otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

24.     Admitted.

25.     Mass Bay admits that, subject to the terms, conditions, limitations, and exclusions in the Laundry Operations Policy, "fire" is a covered peril.   Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or

exclusions of the policy. The policy is a written contract, the terms of which speak for themselves.

26.     Mass Bay admits that, subject to the terms, conditions, limitations, and exclusions in the Laundry Operations Policy, "fire" is a covered peril, and that the "complex" is identified as an insured location.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

27.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

28.     Mass Bay admits that the Laundry Operations Policy provides the maximum limit of liability stated in this paragraph, subject to all of the terms, conditions, limitations and exclusions in the policy.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

29.     Mass Bay admits that the Laundry Operations Policy, subject to its terms, conditions, limitations and exclusions, includes limited coverage for "debris removal," as defined and limited in the policy.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

30.     Mass Bay admits that the Laundry Operations Policy, includes the language referenced in this paragraph.  Mass Bay denies the allegations of this paragraph to the extent they

purport to characterize the terms, conditions, limitations and/or exclusions of the policy. The policy is a written contract, the terms of which speak for themselves.

31.     Mass Bay admits that the Laundry Operations Policy includes the referenced language. Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy. The policy is a written contract, the terms of which speak for themselves.

32.     Mass Bay admits that the Laundry Operations Policy, subject to its terms, conditions, limitations and exclusions, provides a limit of liability of $500,000 under the "Newly Acquired or Constructed" coverage part. Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy. The policy is a written contract, the terms of which speak for themselves. Mass Bay denies it is obligated to pay Plaintiffs "up to $500,000" under the referenced coverage part.

33.     Mass Bay admits that the Laundry Operations Policy includes the referenced language. Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy. The policy is a written contract, the terms of which speak for themselves.

34.     Mass Bay admits that the Laundry Operations Policy includes the referenced language. Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy. The policy is a written contract, the terms of which speak for themselves.

35.     Mass Bay admits that the Laundry Operations Policy includes the referenced language. Mass Bay denies the allegations of this paragraph to the extent they purport to

characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

36.     Mass Bay admits that, subject to additional terms, conditions, limitations and exclusions, the Laundry Operations Policy provides a maximum limit of liability for business income and extra expense of $1,200,000.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

37.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

38.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

39.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

40.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

41.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

42.     Mass Bay admits that the Laundry Operations Policy includes coverage for "extra expense" as defined and limited in the policy.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

43.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

44.     Mass Bay admits that the Laundry Operations Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

45.     Mass Bay admits it issued the referenced policy (the "Lessors Risk Only Policy"), and that exhibit B to the complaint appears to be a copy of this policy.  Mass Bay will produce a certified copy of this policy during discovery in this action.

46.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions of the policy.  The policy is a written contract, the terms of which speak for themselves.

47.     Mass Bay admits that the Lessors Risk Only Policy identifies 220 Coster Street, Bronx NY 10474 as a location owned, rented or occupied by the insured.  Mass Bay admits that this location is an insured location, subject to all of the terms, conditions, limitations and conditions in the Lessors Risk Only Policy.  Mass Bay denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

48.     Mass Bay admits that the Lessors Risk Only Policy provides coverage for the peril of fire, subject to all of the terms, conditions, limitations and exclusions in the policy.  Mass Bay otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

49.     Mass Bay admits that the Lessors Risk Only Policy provides coverage for insured property for the peril of fire, subject to all of the terms, conditions, limitations and exclusions in the policy.  Mass Bay otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

50.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

51.     Denied.

52.     Mass Bay admits that the Lessors Risk Only Policy includes, subject to additional terms, conditions, limitations and exclusions, "inflation guard" coverage.  Mass Bay otherwise

denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

53.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

54.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay denies the allegations of this paragraph.

55.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

56.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

57.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

58.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

59.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

60.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

61.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

62.     Mass Bay admits that the Lessors Risk Only Policy, subject to its terms, conditions, limitations and exclusions, provides a maximum limit of liability of $1,104,000 for loss of business income.  Mass Bay otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

63.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to

characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

64.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

65.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

66.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

67.     Mass Bay admits that the Lessors Risk Only Policy includes the referenced language, but otherwise denies the allegations of this paragraph to the extent they purport to characterize the terms, conditions, limitations and/or exclusions in the policy.  The policy is a written contract, the terms of which speak for themselves.

68.     Mass Bay admits that the insureds submitted a claim in connection with the fire, and that such notice was timely.

69.     Admitted, on information and belief.

70.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay

lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

71.     Mass Bay admits that it has had access to the "complex" and the investigation of the fire, but otherwise denies the allegations of this paragraph.

72.     Denied.

73.     Mass Bay admits that it has issued payments to the insureds, but otherwise denies the allegations of this paragraph.

## CAUSE OF ACTION
### (Breach of Contract)

74.     Mass Bay incorporates here as if set forth at length the foregoing paragraphs 1 through 73.

75.     Mass Bay admits that the policies are contracts of insurance, and that certain coverage is available under the policies as a result of the fire.

76.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay denies that any conditions or obligations have been waived or abrogated by Mass Bay's conduct, omissions or actions.  Mass Bay otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

77.     Mass Bay admits that the premium for the policies was paid.  To the extent the allegations of this paragraph are construed as alleging that Mass Bay has failed to perform under the terms of the policies, they are denied.

78.     The allegations of this paragraph purport to state a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Mass Bay

responds that it is only obligated to pay claims and amounts covered under the policies.  Mass Bay otherwise denies the allegations of this paragraph.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails, in whole or in part, to state a claim on which relief may be granted.

### Second Affirmative Defense

Coverage is or may be barred to the extent Plaintiffs breached their obligations under the policies to cooperate with Mass Bay.

### Third Affirmative Defense

Coverage is or may be barred to the extent Plaintiffs misrepresented any material fact concerning the loss, the claims, and/or the policies.

### Fourth Affirmative Defense

To the extent Plaintiffs are entitled to any recovery, which is denied, such recovery is subject to the provisions of the policies concerning limits of liability, waiting periods, deductibles, valuation, "loss payment" and/or co-insurance.

### Fifth Affirmative Defense

Coverage for business income loss under the Lessors Risk Only policy is provided for "rental value" only, as further defined and limited in the policy.

**<u>Sixth Affirmative Defense</u>**

Coverage is barred or limited to the extent Plaintiffs failed to mitigate their loss, and/or to the extent Plaintiffs failed to minimize the period of restoration.

**<u>Seventh Affirmative Defense</u>**

Coverage is barred and/or limited by the "Ordinance or Law" exclusions in the subject policies.

**<u>Additional Defenses</u>**

Coverage may be barred or limited, and/or Plaintiffs' recovery may be barred or limited, for reasons that cannot presently be identified due to the generality of the allegations of the complaint, and the absence of discovery.  Mass Bay reserves the right to amend and/or supplement its defenses as discovery progresses.

WHEREFORE, defendant Massachusetts Bay Insurance Company respectfully requests that the Court enter judgment in its favor and against Plaintiffs, awarding Plaintiffs nothing and dismissing this action with prejudice.

Respectfully submitted,

/s/ *John P. Malloy*
John P. Malloy (JM0321)
ROBINSON+COLE, LLP
280 Trumbull Street
Hartford, CT 06103
Phone:  (860) 275-8200
Fax:  (860) 275-8299
jmalloy@rc.com

**<u>Certificate of Service</u>**

I hereby certify that on this 26th day of November, 2014, I personally caused a copy of the foregoing Answer and Defenses to be filed electronically via the Court's CM/ECF system. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system

<u>/s/  *John P. Malloy*          </u>
John P. Malloy