Finley T. Harckham, Esq.
fharckham@andersonkill.com
Peter A. Halprin, Esq.
phalprin@andersonkill.com
Bruce E. Strong, Esq.
bstrong@andersonkill.com
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 220 COSTER, LLC and B&M LINEN CORP. d/b/a MIRON & SONS LINEN,<br><br>                      Plaintiffs,<br><br>vs.<br><br>MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>                      Defendant. | Index No. 1:14-cv-07027-AJN |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

## Preliminary Statement

Plaintiffs 220 Coster, LLC and B&M Linen Corp. respectfully submit this Memorandum of Law in support of their Motion for Leave to File First Amended Complaint (the "Motion"). Plaintiffs proposed First Amended Complaint is attached as Exhibit "1" to the accompanying Declaration of Peter A. Halprin, Esq. in support of the Motion. The Motion is not on consent of Massachusetts Bay Insurance Company ("Defendant" or "Hanover"), and the grounds for the Motion are set forth below.

## Grounds for the Motion

This action concerns Plaintiffs' insurance claim for losses incurred on or about July 30, 2012, when a fire broke out at 220 Coster Street, Bronx, NY 10474 (the "Complex"), and caused significant damage to the Complex and the property inside.

Plaintiffs have suffered significant losses as a result of the fire, which are set forth in their Complaint, including millions of dollars of property damage and millions of dollars in lost profits.  Leading up to filing the Complaint, Hanover had represented a desire to resolve the matter.  Hanover, however has delayed payment of undisputed amounts and failed to reimburse Plaintiffs for the shoring work performed on Hanover's behalf.  Accordingly, Plaintiffs now seek in good faith to amend their Complaint to add counts for unjust enrichment and breach of the duty of good faith and fair dealing against Hanover.

Given that there has been no discovery conducted other than initial disclosures, and given the Court's Case Management Plan authorizing the parties to file amended pleadings through January 12, 2015 on leave of the Court, Plaintiffs' proposed amendments will not prejudice Hanover in any way.

## Discussion

Federal Rule of Civil Procedure 15(a) permits a party to request leave of court to amend its pleadings and provides that leave to amend "should be 'freely' granted 'when justice so requires.'" *Oladokun v. Ryan*, No. 06 Civ. 2330, 2009 WL 857460, at *3 (S.D.N.Y. Mar. 31, 2009) (quoting Fed. R. Civ. P. 15(a)). Whether to permit a party to amend its pleadings is a matter committed to the Court's sound discretion. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Federal courts apply Rule 15 liberally and favor granting leave to file amended complaints. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Sgalambo v. McKenzie*, No. 09 Civ. 10087, 2010 WL 3119349, at *3 (S.D.N.Y. Aug. 06, 2010). As the U.S. Supreme Court has stated, leave should not be denied "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman*, 371 U.S. at 182.

None of those factors are present here. It cannot be argued that Plaintiffs' request was motivated by delay, given that Plaintiffs have complied with the Case Management Plan. Similarly, there has been no failure by Plaintiffs to cure any deficiencies by amendments previously allowed by this Court. In addition, if the Court grants Plaintiffs' Motion, this will be the first time that Plaintiffs amend their Complaint.

Moreover, Plaintiffs' First Amended Complaint will not cause any prejudice to Hanover because virtually no discovery has been conducted, and the relief requested

in the First Amended Complaint does not differ substantially from the relief requested in Plaintiffs' original Complaint.

Finally, amending the Complaint to include allegations regarding the cause and origin work and breach of the duty of good faith and fair dealing would not be futile, as these allegations are grounded in specific facts and form viable causes of action under applicable law.

## Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Leave to File Its First Amended Complaint should be granted.

Dated: January 12, 2015

> By: /s/ Peter A. Halprin
> Finley T. Harckham, Esq.
> Peter A. Halprin, Esq.
> Bruce E. Strong, Esq.
> ANDERSON KILL, P.C.
> 1251 Avenue of the Americas
> New York, NY 10020
> Telephone: (212) 278-1000
> Facsimile: (212) 278-1733
>
> *Attorneys for Plaintiffs*