UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————

220 COSTER, LLC and B & M LINEN CORP. :
d/b/a MIRON & SONS LINEN,            :
                                     :
                     Plaintiffs,     :
                                     :   Case No.:  1:14-cv-07027-AJN
          v.                         :
                                     :
MASSACHUSETTS BAY INSURANCE          :
COMPANY,                             :
                                     :
                     Defendant.      :
—————————————————————————

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 1

LEGAL ARGUMENT .......................................................................................................... 3

I.      Despite The Liberal Standard Governing Amendments, Leave To Amend Should
        Be Denied Where, As Here, The Claims Sought To Be Added By Amendment
        Would Be Subject To Dismissal Under Rule 12(b)(6 ............................................... 3

        A.      Plaintiffs May Not Maintain A Cause Of Action For Unjust Enrichment
                Because, As The Proposed Amended Complaint Clearly Alleges, The
                Parties' Respective Rights And Obligations Are Defined By The Terms Of
                The Subject Contracts Of Insurance ............................................................. 4

        B.      The Proposed Amended Complaint Fails To State A Claim For Breach Of
                The Implied Covenant Of Good Faith And Fair Dealing ............................... 6

                1.      New York Law Does Not Recognize An Independent Cause Of
                        Action For Breach Of The Duty Of Good Faith And Fair Dealing .......... 6

                2.      Plaintiffs Claim For Breach Of The Duty Of Good Faith And Fair
                        Dealing Would Also Be Subject To Dismissal Under Rule 12(b)(6)
                        Because It Contains Insufficient Factual Allegations To State A
                        Plausible Claim For Relief ....................................................................... 9

        CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

ARI & Co. v. Regent Int'l Corp.,
  273 F. Supp. 2d 518 (S.D.N.Y. 2003)........................................................................6

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)....................................................................................9, 10

Bartlett v. Nationwide Mut. Fire Ins. Co.,
  2013 WL 623497 (W.D.N.Y. 2013) .........................................................................7

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007).............................................................................................9

Clark-Fitzpatrick, Inc. v. Long Island R. Co.,
  516 N.E.2d 190 (N.Y. 1987)..............................................................................4, 5

County of Orange v. Travelers Indem. Co.,
  2014 WL 1998240 (S.D.N.Y. 2014)........................................................................8

Dougherty v. North Hempstead Bd. of Zoning Appeals,
  282 F.3d 83 (2d Cir. 2002).....................................................................................3

Fabrizio v. Erie Ins. Co.,
  2009 WL 427102, * 3-4 (N.D.N.Y. 2009)..............................................................7, 8

Georgia Malone & Co. v. Rieder,
  973 N.E.2d 743 (N.Y. 2012)..................................................................................4

Goldman v. Metropolitan Life Ins. Co.,
  841 N.E.2d 742 (N.Y. 2005)..................................................................................4

Grazioli v. Encompass Ins. Co.,
  40 A.D.3d 696 (2d Dept. 2007) ..............................................................................7

Harris v. Provident Life & Acc. Ins. Co.,
  310 F.3d 73 (2d Cir. 2003)....................................................................................6

IDT Corp. v. Morgan Stanley Dean Witter & Co.,
  907 N.E.2d 268 (N.Y. 2009)..................................................................................4

Lucente v. IBM,
  310 F.3d 243 (2d Cir. 2002)...................................................................................3

New York Univ. v. Continental Ins. Co.,
   87 N.Y.2d 308 (1995) ........................................................................................................6

Paterra v. Nationwide Mut. Fire Ins. Co.,
   38 A.D.3d 511 (2d Dept. 2007) .........................................................................................7

Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,
   507 F.3d 117 (2d Cir. 2007)...............................................................................................9

Roth v. CitiMortgage Inc.,
   756 F.3d 178 (2d Cir. 2014)...............................................................................................3

Simon v. Unum Group,
   2008 WL 2477471 (S.D.N.Y. 2008)..................................................................................7

Yapak, LLC v. Massachusetts Bay Ins. Co.,
   2009 WL 3366464 (D.N.J. 2009) ....................................................................................10

Zawahir v. Berkshire Life Ins. Co.,
   22 A.D.3d 841 (2d Dept. 2005) .........................................................................................7

**Other Authorities**

Rule 12(b)(6)............................................................................................2, 3, 4, 8, 9, 10

## INTRODUCTION

Defendant Massachusetts Bay Insurance Company ("Mass Bay") respectfully submits this memorandum of law in opposition to Plaintiffs' motion for leave to file an amended complaint.  The proposed amended complaint seeks to add claims for "unjust enrichment" and "breach of the duty of good faith and fair dealing."  See Pl. Mem., p. 2.[1]  As discussed below, Plaintiffs' motion should be denied because:  (a) a claim for "unjust enrichment" does not lie when a contract exists between the parties, and here the parties' relationship is defined and limited by contracts of insurance; and (b) New York law does not recognize an independent cause of action for breach of the duty of good faith and fair dealing, where the allegations of such claim are duplicative of a claim for breach of contract claim; and in any event Plaintiffs fail to allege sufficient facts to give rise to a viable claim for breach of the implied duty of good faith and fair dealing.

## FACTUAL BACKGROUND

This is an insurance coverage action arising from a fire at a commercial laundry in the Bronx, New York on or about July 30, 2012.  See Am. Compl., ¶¶ 1, 11-13.[2]  As Plaintiffs generally concede in their proposed amended complaint, Mass Bay has paid Plaintiffs what Mass Bay concluded is recoverable under the subject policies (the "Policies").  See, e.g., Am. Compl., ¶ 77.  In this action, however, Plaintiffs contend that that they are entitled to further recovery. See, e.g., Am. Compl., Count One (purporting to state a claim for breach of contract).

---

[1] References to "Pl. Mem." are to Plaintiffs' memorandum of law in support of its motion for leave to amend.

[2] By citing to the proposed amended complaint, Mas Bay does not intend to admit any of the allegations thereof.

In this regard, Plaintiffs' proposed amended complaint identifies various types of coverage allegedly provided in the Policies, but provides no facts or allegations to suggest why they are entitled to payment (or further payment) under these coverage provisions.  See, e.g. Am. Compl., ¶¶ 27-71.  By way of example, Plaintiffs allege that the "Building Personal Property Policy" includes "property coverage," "debris removal coverage" "newly acquired property coverage" and "ordinance or law coverage," but does not state how those coverages apply to the fire loss at issue, or why they are entitled to recovery under those coverage parts.  See, e.g. Am. Comp., ¶¶ 27-36.  Plaintiffs do not, for example, identify the law or ordinance that might give rise to coverage under the "ordinance or law" coverage part.  Similarly, Plaintiffs' allegations with regard to the "Building Policy" identify, for example, "property damage coverage," "inflation guard coverage" and "ordinance or law coverage" as being provided by the policy, but do not allege how or why those coverage parts apply to the loss at issue.  See Am. Compl., ¶¶ 50-58.  Rather, Plaintiffs merely conclude, in summary fashion, that Mass Bay has failed and refused to pay "the remainder" of the amounts allegedly recoverable under the Policies.  See Am. Compl., ¶¶ 77-88.

Plaintiffs' proposed amended complaint seeks to add claims for unjust enrichment (count two), and breach of the implied duty of good faith and fair dealing (count three).  The unjust enrichment count generally alleges that Mass Bay is obligated to pay sums incurred by Plaintiffs for post-fire shoring-up of the damaged building.  See Am. Compl., ¶¶ 89-96.  This claim fails, and would be subject to dismissal under Rule 12(b)(6) because, as the preceding 88 paragraphs of the amended complaint make abundantly clear, the parties' rights and obligations are defined by two written contracts, the existence of which is not disputed.  In their claim for breach of the duty of good faith and fair dealing, Plaintiffs simply allege that Mass Bay unjustifiably and

unreasonably delayed issuing payment, failed to act promptly in communications with the insureds, and failed to effectuate prompt, fair and equitable settlement of the claim at issue, despite Mass Bay's alleged obligations being clear.  See Am. Compl., ¶¶ 98-100.  As discussed below, these claims would all be subject to dismissal under Rule 12(b)(6), and therefore Plaintiffs' motion for leave to amend should be denied.

## LEGAL ARGUMENT

**I.      Despite The Liberal Standard Governing Amendments, Leave To Amend Should Be Denied Where, As Here, The Claims Sought To Be Added By Amendment Would Be Subject To Dismissal Under Rule 12(b)(6).**

While the standard governing whether leave to amend a complaint should be allowed is liberal, amendments are not automatically allowed.  Rather, it is well settled that leave to amend should *not* be allowed, if the proposed amendment would be futile.  Roth v. CitiMortgage Inc., 756 F.3d 178, 183 (2d Cir. 2014) ("leave to amend need not be granted where the proposed amendment would be futile"); Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002) (district court abused its discretion in allowing plaintiff to amend, because the amended complaint did not state a claim as a matter of law.   An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).   As shown below, allowing Plaintiffs to amend their complaint to add claims for unjust enrichment and breach of the duty of good faith and fair dealing would be futile, because those claims would be subject to dismissal under Rule 12(b)(6).  Leave to amend should therefore be denied.

**A.      Plaintiffs May Not Maintain A Cause Of Action For Unjust Enrichment Because, As The Proposed Amended Complaint Clearly Alleges, The Parties' Respective Rights And Obligations Are Defined By The Terms Of The Subject Contracts Of Insurance.**

As a matter of established New York law, a claim for unjust enrichment does not lie where, as is undeniably the case here, the parties' rights and obligations are governed by a written contract. Georgia Malone & Co. v. Rieder, 973 N.E.2d 743, 747 (N.Y. 2012) ("[t]he theory of unjust enrichment lies as a quasi-contract claim….and contemplates an obligation imposed by equity to prevent injustice, *in the absence of an actual agreement between the parties*), citing IDT Corp. v. Morgan Stanley Dean Witter & Co., 907 N.E.2d 268 (N.Y. 2009); Goldman v. Metropolitan Life Ins. Co., 841 N.E.2d 742, 744 (N.Y. 2005) (affirming dismissal of claims for unjust enrichment relating to payment of insurance premium because "in each case, there was no unjust enrichment because the matter is controlled by contract"). Indeed, the New York Court of Appeals has clearly held that "[i]t is *impermissible*… to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 516 N.E.2d 190, 193 (N.Y. 1987) (emphasis added). As a matter of law, therefore, Plaintiffs' claim for unjust enrichment (count two of the proposed amended complaint) would be subject to dismissal under Rule 12(b)(6), and because the amendment would therefore be futile, it should not be allowed in the first instance.

The proposed amended complaint clearly alleges that the parties' relationship is defined by two written contracts. Indeed, the very first paragraph of the proposed amended complaint characterizes this action as one for "damages aris[ing] out of the failure and refusal of [Mass Bay] *to honor its obligations under two commercial insurance policies that [Mass Bay] sold to*

-4-

*the Policyholders.*"  See Am. Compl., ¶ 1.  The amended complaint goes on to identify and describe at length the two policies issued by Mass Bay to the Plaintiffs in this action.  See, e.g. Am. Compl., ¶¶ 23-45 (describing the so-called "Business Personal Property Policy"); Am. Compl., ¶¶ 46-71 (describing the so-called "Building Policy").  Plaintiffs also allege that they are not in breach of the subject contracts of insurance, but instead have "complied with all of the terms of the Policies."  Am. Compl., ¶ 74.  As in Clark-Fitzpatrick, supra., therefore, "the suing party" alleges that it has "fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties."  Leave to amend should therefore be denied, because Plaintiffs' unjust enrichment claim fails to state a cognizable cause of action.

Plaintiffs' unjust enrichment claim, in addition to incorporating by reference all of the preceding allegations of the proposed amended complaint – including those identifying and describing the contracts at issue – generally alleges that Mass Bay required certain work to be done as part of its investigation into the cause and origin of the fire, that Plaintiffs paid the cost of such work, and because Mass Bay benefited from this work, Mass Bay should as an equitable matter pay for this work.  Am. Compl., ¶¶ 90-96.  These allegations miss the mark (assuming for purposes of the current motion only that they are true); either the Policies allow Mass Bay to compel Plaintiffs to perform the work at issue and obligate Mass Bay to pay for such work, or they do not.  Since coverage for such work is either included in the Policies or not included in the Policies, the Policies themselves dictate whether Mass Bay is obligated to pay for this work, and Plaintiff's quasi-contractual theory of unjust enrichment cannot be maintained.  Leave to amend to add a claim for unjust enrichment should be denied.

**B.**     **The Proposed Amended Complaint Fails To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing**.

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed for two separate and independently sufficient reasons.  First, New York law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing ("bad faith") when a breach of contract claim, based upon the same facts, is also pled.  Second, even if New York law recognized such a cause of action, the proposed amended complaint alleges insufficient facts to support such a claim.  Leave to amend to add a claim for breach of the duty of good faith and fair dealing should be denied.

**1.**     **New York Law Does Not Recognize An Independent Cause Of Action For Breach Of The Duty Of Good Faith And Fair Dealing**.

A duty of good faith and fair dealing is implied in a contract of insurance, "but breach of that duty is merely a breach of the underlying contract."  Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 81 (2d Cir. 2003).  For this reason, New York law "does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  Harris, supra.; New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 319-20 (1995) (holding that trial court erred in denying insurer's motion to dismiss claim based on breach of implied covenant of good faith where that claim was predicated on same facts that gave rise to claim for breach of insurance policy).  Therefore, a claim alleging breach of the implied covenant of good faith and fair dealing can survive a motion to dismiss "'only if it is based on allegations different from those underlying the accompanying breach of contract claim.'"  ARI & Co. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 522 (S.D.N.Y. 2003) (citations omitted).

Adhering to these principles, state and federal courts applying New York law have routinely dismissed redundant causes of action for breach of the implied duty of good faith in the

context of first-party insurance contract disputes.  See, e.g., Grazioli v. Encompass Ins. Co., 40 A.D.3d 696, 697 (2d Dept. 2007) (affirming dismissal of claim for breach of implied covenant of good faith that was based on same essential allegations as breach of contract claim); Paterra v. Nationwide Mut. Fire Ins. Co., 38 A.D.3d 511, 512-513 (2d Dept. 2007) ("The plaintiffs' claim predicated on breach of the implied covenant of good faith is duplicative of the breach of contract claim.  Since there is no separate tort for bad faith refusal to comply with the insurance contract, this claim should have been dismissed." (citations omitted)); Zawahir v. Berkshire Life Ins. Co., 22 A.D.3d 841 (2d Dept. 2005) (dismissing bad faith claim because, "there is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations" under an insurance contract."); Bartlett v. Nationwide Mut. Fire Ins. Co., 2013 WL 623497 (W.D.N.Y. 2013) (granting property insurer's motion to dismiss claim for breach of implied covenant of good faith and consequential damages where homeowner-plaintiff alleged no facts other than those related to insurer's failure to satisfy its obligations under policy); Fabrizio v. Erie Ins. Co., 2009 WL 427102, * 1, * 3-4 (N.D.N.Y. 2009) (ruling that allegations of complaint were insufficient to state a plausible bad faith claim where crux of allegations was dissatisfaction with defendant's performance of the insurance contract); Simon v. Unum Group, 2008 WL 2477471, *1, *4 (S.D.N.Y. 2008) (dismissing claim for breach of implied covenant of good faith based on finding that, "[a]s pled, the claim does not state a distinct cause of action based on a separate set of facts and so is not independent from the underlying breach of contract claim as required by New York law.").

In this case, as in the decisions cited above, Plaintiffs' purported claim for breach of the implied duty of good faith and its breach of contract claim are completely redundant.  The breach of contract claim incorporates by reference each and every one of the allegations set forth in

-7-

paragraphs 1 through 77 of the proposed amended complaint, which consist largely of a sterile identification of the various coverages provided in the Policies.  See Am. Compl., ¶ 78.  The breach of contract count goes on to allege generally that Mass Bay has failed to pay amounts recoverable under the Policies, and failed to "honor the nature and purpose of the Policies."  See Am. Compl.,., ¶¶ 79-85.  Notably, in their breach of contract count, Plaintiffs also allege that Mass Bay is liable for consequential damages due to its alleged breach of the duty of good faith and fair dealing; it is alleged that Mass Bay wrongfully, unjustifiably and unreasonably delayed in paying Plaintiffs' claim.  See Am. Compl., ¶88.  Plaintiffs' count for breach of the duty of good faith and fair dealing incorporates by reference all of the preceding allegations of the complaint, and reiterates that Mass Bay is liable for breach of the duty of good faith and fair dealing due to its alleged dilatory tactics, unjustifiable and unreasonable delay in paying amounts due, failing to act reasonably with regard to communications with the insureds, and failing to make payment under the Policies when liability was clear.  See Am. Compl., ¶¶ 97-100.  The breach of contract claim and claim for breach of the duty of good faith and fair dealing are thus completely redundant.  As a matter of law, therefore, the claim for breach of the duty of good faith and fair dealing would be subject to dismissal under Rule 12(b)(6), and the Court should not permit it to be asserted via the proposed amended complaint.  See, e.g., Fabrizio, supra. (dismissing claim for breach of duty of good faith and fair dealing where "the crux of Plaintiff's allegations is 'dissatisfaction with defendants' performance of the contractual allegations'"); County of Orange v. Travelers Indem. Co., 2014 WL 1998240, *3 (S.D.N.Y. 2014) (dismissing as redundant of a breach of contract claim, a claim for breach of the duty of good faith and fair dealing predicated on the insurer's alleged "delay and lack of investigation" of the insured's claim).  Plaintiffs' motion to amend should therefore be denied.

2. **Plaintiffs' Claim For Breach Of The Duty Of Good Faith And Fair Dealing Would Also Be Subject To Dismissal Under Rule 12(b)(6) Because It Contains Insufficient Factual Allegations To State A Plausible Claim For Relief**.

In order to survive a motion under Rule 12(b)(6), Plaintiffs are required to allege sufficient facts "to state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  See also Ashcroft v. Iqbal, 556 U.S. 662 (2009).  A "formulaic recitation of cause of action's elements will not do ... Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In this regard, to plausibly state a claim for relief, a complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555.  A pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery."  Iqbal, 550 U.S. at 678–79.  A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,' and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Iqbal, 556 U.S. at 678; Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007).

Under the foregoing standard, Plaintiffs' claim that Mass Bay breached the implied duty of good faith and fair dealing would be subject to dismissal under Rule 12(b)(6), and their motion to amend should therefore be denied.  In this regard, and contrary to the pleading standard articulated in Twombly and Iqbal, Plaintiffs' claim for breach of the duty of good faith and fair dealing essentially alleges only that contracts of insurance were issued to the insureds, and that Mass Bay acted unreasonably in their handling and payment of the claim.  See, e.g., Am. Compl., ¶¶ 99.  Nowhere in the proposed amended complaint do Plaintiffs allege any facts

to suggest how or why Mass Bay's conduct was supposedly unreasonable or unjustifiable.[3]  The

threadbare allegations of the proposed claim for breach of the duty of good faith and fair dealing

are insufficient to provide Mass Bay with notice of the factual basis for the claim, such that Mass

Bay may prepare a defense.  Iqbal, supra.  Such a claim,  which merely recites the elements of a

cause of action or sets forth conclusory allegations without any substantive factual support

cannot be maintained.  Yapak v. Mass. Bay Ins. Co., 2009 WL 3366464 (D.N.J. 2009)

(dismissing bad faith claim that merely recited the elements of a cause of action, but no facts to

support the claim that the insurer denied the claim without any reasonable basis).  For this

additional reason, the proposed amended complaint fails to properly allege a claim for breach of

the duty of good faith and fair dealing.  Because this claim would be subject to dismissal under

Rule 12(b)(6), leave to amend to add this claim should be denied.

## CONCLUSION

For the foregoing reasons, defendant Massachusetts Bay Insurance Company respectfully

requests that Plaintiffs' motion for leave to file an amended complaint be denied.

---

[3] Indeed, even Plaintiffs' breach of contract claim is devoid of sufficient factual allegations to
plausibly state a claim for relief.  Plaintiffs essentially do nothing more than allege that contracts
of insurance exist, that they sustained a loss, and that Mass Bay refused to pay them sums
demanded under the Policies.  Plaintiffs make no effort to identify or allege how or why Mass
Bay's denial of contested portions of their claim was incorrect.  Such "threadbare recitals" are
insufficient to state a claim.  See, e.g., Yapak, LLC v. Massachusetts Bay Ins. Co., 2009 WL
3366464, *2 (D.N.J. 2009) (dismissing claim for breach of contract of property insurance, and
holding that "Plaintiff must allege factual matter sufficient to warrant the inference that when
Defendants refused to pay, they violated their contractual obligations. Since Plaintiff has not
alleged any facts concerning the terms of the contract or the losses at issue, this Court cannot
infer whether the breach of contract claim is plausible").

Respectfully submitted,


/s/ *John P. Malloy*
John P. Malloy (JM0321)
ROBINSON+COLE, LLP
280 Trumbull Street
Hartford, CT 06103
Phone:  (860) 275-8200
Fax:  (860) 275-8299
jmalloy@rc.com


## Certificate of Service

I hereby certify that on this 26th day of January, 2015, I personally caused a copy of the

foregoing to be served on counsel of record for Plaintiffs by filing same via the Court's CM/ECF

system, which will notify counsel of record of such filing.


/s/  *John P. Malloy*
John P. Malloy

-11-