Finley T. Harckham, Esq.
fharckham@andersonkill.com
Peter A. Halprin, Esq.
phalprin@andersonkill.com
Bruce E. Strong, Esq.
bstrong@andersonkill.com
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 278-1000
Facsimile:  (212) 278-1733

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 220 COSTER, LLC and B&M LINEN CORP. d/b/a MIRON & SONS LINEN,<br><br>                              Plaintiffs,<br><br>                    vs.<br><br>MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>                              Defendant. | Index No.  1:14-cv-07027-AJN |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ...................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................. 3

I.  BECAUSE THE AMENDED COMPLAINT STATES A CLAIM TO
    RELIEF THAT IS PLAUSIBLE ON ITS FACE, THIS COURT
    SHOULD PERMIT THE PLAINTIFFS TO PURSUE THE RELIEF
    SOUGHT. ................................................................................................... 3

II. PLAINTIFFS' UNJUST ENRICHMENT COUNT AGAINST
    HANOVER IS PROPERLY PLED ........................................................... 3

III. PLAINTIFFS' CLAIM THAT HANOVER BREACHED THE DUTY
     OF GOOD FAITH AND FAIR DEALING IS PROPERLY PLED ........... 5

CONCLUSION ........................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ........................................................................................ 3, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007) ........................................................................................ 3

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.*,
516 N.E.2d 190 (N.Y. 1987) ................................................................................... 4

*Dorset Indus., Inc. v. Unified Grocers, Inc.*,
893 F. Supp. 2d 395 (E.D.N.Y. 2012) .................................................................... 6

*Goldman v. Metropolitan Life Ins. Co.*,
841 N.E.2d 742 (N.Y. 2005) ................................................................................... 4

*Hospital Authority of Rockdale County v. GS Capital Partners V Fund, L.P.*,
No. 09-CV-8716, 2011 U.S. Dist. LEXIS 5184 (S.D.N.Y. Jan. 20, 2011) .................. 7

*Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*,
187 A.D.2d 225 (1st Dep't 1993) ........................................................................... 4

*JPMorgan Chase Bank, N.A. v. IDW Group, LLC*,
No. 08 Civ. 9116, 2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. Feb. 9, 2009) .................. 6

*Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.*,
518 N.E.2d 519, 523-24 (Mass. App. Ct. 1988) ..................................................... 5

*Northern Sec. Ins. Co. v. R.H. Realty Trust*,
941 N.E.2d 688 (Mass. App. Ct. 2011) ............................................................. 6, 7, 8

*OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.*,
Index No. 651193/2011, 2013 N.Y. Misc. LEXIS 5151 (Sup. Ct. N.Y. Cnty.
Nov. 1, 2013), *rev'd in part on other grounds*, 995 N.Y.S.2d 35 (1st Dep't
2014) ..................................................................................................................... 6, 7

*Popkin v. Nat'l Benefit Life Ins. Co.*,
711 F. Supp. 1194 (S.D.N.Y. 1989) .................................................................... 5, 6

*Rabin v. MONY Life Ins. Co.*,
No. 06 Civ. 775, 2007 U.S. Dist. LEXIS 18437 (S.D.N.Y. Mar. 8, 2007) .................. 4

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Union Bank, N.A. v. CBS Corp.*,
No. 08 Civ. 08362, 2009 U.S. Dist. LEXIS 48816 (S.D.N.Y. June 9, 2009) ............... 4

*Valley Juice Ltd. v. Evian Waters of France, Inc.*,
87 F.3d 604 (2d Cir. 1996) ........................................................................................ 6

*YAPAK, LLC v. Mass. Bay Ins. Co.*,
No. 3:09-cv-3370, 2009 U.S. Dist. LEXIS 96361 (D.N.J. Oct. 16, 2009)................ 2, 9

**Other Authorities**

11 NYCRR § 216.6............................................................................................................. 5

iii

## INTRODUCTION

Plaintiffs 220 Coster, LLC and B&M Linen Corp. (collectively, "Plaintiffs") respectfully submit this Reply Memorandum of Law in Further Support of their Motion for Leave to File First Amended Complaint (the "Motion").  For the reasons stated below and as set forth in Plaintiffs' opening memorandum of law, the Motion should be granted.

## PRELIMINARY STATEMENT

Plaintiffs seek to amend their Complaint in two ways.  First, Plaintiffs seek to add a count for unjust enrichment owing to Defendant Massachusetts Bay Insurance Company's ("Hanover") failure to reimburse Plaintiffs for cause and origin work they performed on Hanover's behalf.  Second, Plaintiffs seek to add a count for the breach of the duty of good faith and fair dealing on account of Hanover's conduct, taken out of its Massachusetts office, in, among other things, failing to make prompt payment of undisputed amounts and failing to participate in settlement negotiations.  Although federal courts liberally grant leave to amend, and such causes of action are well recognized and here properly pled, Hanover urges this Court to reject Plaintiffs' proposed amendments.

Hanover seeks to challenge the unjust enrichment claim on the grounds that the parties' rights and obligations are governed by a written contract.  With regard to the specific claim for which the count was added, however, Hanover concedes that such work "is either included in the Policies or not included in the Policies."  While Hanover suggests that if the latter is true, Hanover is absolved of any obligation to reimburse the Plaintiffs, Hanover ignores the injustice of such a result – the very injustice which underlies the theory of unjust enrichment.  If Hanover has a contractual

obligation to pay such monies under the Policies, Plaintiffs will accept a recovery for such claim under the Policies. To the extent, however, that the obligations arise from something other than the Policies, Plaintiffs should be entitled to pursue a claim for unjust enrichment. And, indeed, under the liberal pleading standard applicable to this claim, where all facts are construed in Plaintiffs' favor and Plaintiffs' need only present a claim that is plausible on its face, Plaintiffs should be permitted to pursue the claim.[1]

Hanover then challenges Plaintiffs' proposed count for breach of the duty of good faith and fair dealing on the grounds that it is duplicative of Plaintiffs' breach of contract claim, that such a claim is not recognized in New York and that, even if such claim were proper, sufficient facts were not alleged. However, Hanover fails to address three key points. First, case law, including that from the Southern District of New York, has clearly delineated breaches of the duty of good faith and fair dealing from breaches of contract and has permitted plaintiffs to proceed with both counts. Second, under either Massachusetts or New York law, breach of the duty of good faith and fair dealing is a well-recognized cause of action.[2] Third, overstating the standard, Hanover seeks to turn this into something akin to a summary judgment motion; however, the standard here requires only that Plaintiffs present a claim that is plausible on its face. Under either Massachusetts or New York law, an unjustifiable and unreasonable delay in

---

[1] Although Hanover's intent is unclear, Hanover also appears to challenge the breach of contract claim in a footnote on the last page of its Opposition. Opp. at 10, n.3. While Plaintiffs have plainly stated a breach of contract, the New Jersey authority cited by Hanover is wholly inapplicable as, there, the policyholder failed to allege facts concerning the terms of the contract or the losses at issue. *See YAPAK, LLC v. Mass. Bay Ins. Co.*, No. 3:09-cv-3370, 2009 U.S. Dist. LEXIS 96361, at *4 (D.N.J. Oct. 16, 2009).

[2] For the purposes of this Motion, Plaintiffs need not take a position on the applicable law as Plaintiffs contend that the law regarding the viability of such a cause of action is the same under either state law.

2

issuing payment of undisputed amounts is actionable as a breach of the duty of good faith and fair dealing.  Because such facts are alleged in the Amended Complaint, this Court should permit Plaintiffs' to proceed with their claim for breach of the duty of good faith and fair dealing.

For these reasons, and as discussed more fully below, Plaintiffs' Motion should be granted.

## ARGUMENT

**I.     BECAUSE THE AMENDED COMPLAINT STATES A CLAIM TO RELIEF THAT IS PLAUSIBLE ON ITS FACE, THIS COURT SHOULD PERMIT THE PLAINTIFFS TO PURSUE THE RELIEF SOUGHT.**

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*[3]

**II.     PLAINTIFFS' UNJUST ENRICHMENT COUNT AGAINST HANOVER IS PROPERLY PLED.**

Plaintiffs allege that Hanover was unjustly enriched by work, paid for by Plaintiffs but not reimbursed by Hanover, to shore up the property to permit Hanover to investigate the cause and origin of the fire.  *See*, *e.g.*, Amended Compl. at ¶¶ 15-16. Hanover seeks to deny Plaintiffs the right to seek relief for such work.  Hanover's position is without merit.

---

[3]     The cases cited by Hanover (Opp. at 3) regarding "futility" do nothing to alter the pleading standard set forth in Iqbal and therefore have no bearing on the applicable pleading standard.

3

"[A]n unjust enrichment claim is not precluded where the existence of the contract is in dispute or where the contract does not cover the subject matter at issue." *Rabin v. MONY Life Ins. Co.*, No. 06 Civ. 775, 2007 U.S. Dist. LEXIS 18437, at *14 (S.D.N.Y. Mar. 8, 2007). *See also Union Bank, N.A. v. CBS Corp.*, No. 08 Civ. 08362, 2009 U.S. Dist. LEXIS 48816, at *17-28 (S.D.N.Y. June 9, 2009); *Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*, 187 A.D.2d 225, 226-27 (1st Dep't 1993). If "[t]here is at [the initial] stage[s] an issue . . .  as to whether the terms of the parties' [insurance] agreement covered such matters" a claim for unjust enrichment will not be dismissed. *Rabin*, 2007 U.S. Dist. LEXIS 18437, at *14.[4] Here, Hanover disputes whether the Policies require it to reimburse Plaintiffs for the shoring work done to safely allow Hanover to conduct its investigation. Hanover concedes in its Opposition that "either the Policies allow Mass Bay to compel Plaintiffs to perform the work at issue and obligate Mass Bay to pay for such work, or they do not." Opp. at 5. If the Policies do not require Hanover to pay, Hanover will be unjustly enriched at Plaintiffs' expense.  Indeed, the issue here is not whether Hanover is required to reimburse Plaintiffs for the shoring work (it must certainly do so), rather it is whether Hanover must do so pursuant to the

---

[4]     The cases cited by Hanover do not alter the analysis as, in those cases; courts found that the contract at issue unambiguously covered the dispute between the parties.  *See*, *e.g.*, *Goldman v. Metropolitan Life Ins. Co.*, 841 N.E.2d 742 (N.Y. 2005); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987).  In addition, *Georgia Malone & Co., Inc. v. Rieder* is equally unhelpful as, there, the court held that there was an insufficient relationship between plaintiff and defendant to impose liability. 19 N.Y.3d 511 (N.Y. 2012).  It should also be noted that in *Georgia Malone*, the Court of Appeals permitted the plaintiff to proceed with an unjust enrichment claim against entities that had a sufficiently close relationship to the plaintiff.  *See Id.*

Policies or to a separate arrangement.  Accordingly, at this stage and given this uncertainty, there is no basis to reject the claim.[5]

## III.    PLAINTIFFS' CLAIM THAT HANOVER BREACHED THE DUTY OF GOOD FAITH AND FAIR DEALING IS PROPERLY PLED.

As set forth in the Amended Complaint, Hanover has failed and refused to timely pay key portions of Plaintiffs' claim.  *See, e.g.*, Amended Compl. at ¶¶ 76, 99. Hanover suggests that such conduct is not subject to a separate cause of action for breach of the duty of good faith and fair dealing because it is duplicative of Plaintiffs' breach of contract claim, such a claim is not recognized in New York, and, even if such claim were proper, sufficient facts were not alleged.  Opp. at 6-11.  Hanover's arguments are without merit as they fail to address pertinent authority.

At the outset, Hanover fails to recognize that its claims handling conduct in Massachusetts, referenced throughout the Amended Complaint, gives rise to the application of the Massachusetts' Consumer Protection Law.  *See*, *e.g.*, Amended Compl. at ¶¶ 75-77.  *See also Makino, U.S.A., Inc. v. Metlife Capital Credit Corp.*, 518 N.E.2d 519, 523-24 (Mass. App. Ct. 1988); *Popkin v. National Benefit Life Ins. Co.*, 711 F. Supp. 1194, 1205 (S.D.N.Y. 1989).[6]

---

[5]    As *Union Bank* recognized, Plaintiffs are free to plead unjust enrichment in the alternative to a breach of contract claim.  *See* 2009 U.S. Dist. LEXIS 48816, at *19-28 (allowing the plaintiff to "plead quasi-contract claims in the alternative when there is a bona fide dispute as to whether the parties' agreements cover the subject matter in dispute, or where it is unclear whether those agreements cover a dispute").

[6]    New York law also recognizes that Hanover's actions could constitute an unfair trade practice. *See* 11 NYCRR § 216.6 ("In any case where there is no dispute as to coverage, it shall be the duty of every insurer to offer claimants, or their authorized representatives, amounts which are fair and reasonable as shown by its investigation of the claim, providing the amounts so offered are within policy limits and in accordance with the policy provisions.").

5

Indeed, both Massachusetts and New York law recognize a cause of action for breach of the duty of good faith and fair dealing for the type of conduct at issue.  *See, e.g., JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116, 2009 U.S. Dist. LEXIS 9207, at *24 (S.D.N.Y. Feb. 9, 2009); *OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.*, Index No. 651193/2011, 2013 N.Y. Misc. LEXIS 5151, at *26 (Sup. Ct. N.Y. Cnty. Nov. 1, 2013).[7]  Causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing may proceed together when the latter arises out of conduct independent of the breach of contract.  *Dorset Indus., Inc. v. Unified Grocers, Inc.*, 893 F. Supp. 2d 395, 405-06 (E.D.N.Y. 2012); *see also Northern Sec. Ins. Co. v. R.H. Realty Trust*, 941 N.E.2d 688 (Mass. App. Ct. 2011).  Finally, contrary to Hanover's assertions, Plaintiffs have alleged sufficient facts to support a plausible cause of action for breach of the duty of good faith and fair dealing under *Iqbal*.

Hanover's assertion that it can commit egregious acts against its policyholders in New York and avoid any consequence because "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing" is false.  *See, e.g., IDW Group, LLC*, 2009 U.S. Dist. LEXIS 9207, at *24 ("[T]here exists under New York law an implied covenant of good faith and fair dealing, pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.").  *See also Colgate-Palmolive Co.*, 2013 N.Y. Misc. LEXIS 5151, at *26 (The

---

[7]      Indeed, this court can apply New York law to the breach of contract and Massachusetts law to the breach of the duty of good faith and fair dealing. *See Valley Juice Ltd. v. Evian Waters of France, Inc.*, 87 F.3d 604, 612 (2d Cir. 1996); *Popkin,* 711 F. Supp. at 1200.

6

covenant of good faith "is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement").[8]

   In *Hospital Authority of Rockdale County v. GS Capital Partners V Fund, L.P.,* the Southern District of New York explained, as follows, that claims for breach of contract and breach of the implied covenant of good faith and fair dealing can be brought simultaneously:

> For example, a complaint cannot allege that the defendant breached the contract by failing to pay the $500 promised and breached the implied duty by failing to pay the $500. It may, however, allege that the defendant breached the contract by breaching the express term of payment of $500 or, alternatively, by acting with bad faith in paying after the date on which the money was implicitly understood to be needed.

No. 09-CV-8716, 2011 U.S. Dist. LEXIS 5184, at *13 n.4 (S.D.N.Y. Jan. 20, 2011). As a result, the *Rockdale County* court permitted a plaintiff to bring both causes of action where the implied covenant claim arose not out of defendant's breach of contract "but rather its refusal to provide an explanation, the timing of its decision, and its knowledge of . . . reliance on its commitment."  *Id.* at *13.

   Similarly, in *R.H. Realty Trust*, a Massachusetts intermediate appellate court recognized that an insurance company's failure to promptly pay amounts that were due and owing under a policy and its failure to communicate or negotiate the amount due, were actionable under the Massachusetts Consumer Protection Act.  941 N.E.2d at 696-97.  Specifically, the court found an insurance company "unnecessarily and unreasonably delayed payment for fourteen months despite acknowledging that" it

---

[8]  *Rev'd in part on other grounds*, 995 N.Y.S.2d 35 (1st Dep't 2014).

7

owed money and "did not pay the undisputed and reasonable court expenses, e.g., court reporters and experts" and "refused to negotiate", and "intentionally delayed payment of its bills in the hope of unfairly securing an advantageous financial outcome" in violation of 93A. *Id.*

According to Hanover, Plaintiffs have made no additional allegations to support their breach of the implied covenant claim. Opp. at 10-11.  On the contrary, however, Plaintiffs alleged the following improper conduct unrelated to the express terms of the Policy:

- Hanover induced Plaintiffs to pay for shoring work pursuant to the Policies and then failed to reimburse Plaintiffs for that work arguing that the Policies may not cover it (Amended Compl. at ¶¶ 15-16, 89-96);

- Hanover failed to timely pay the Claim, which "hindered and delayed [] the Policyholders" from resuming normal business operations (Amended Compl. at ¶ 75-76);

- Through its Massachusetts office, Hanover has refused to pay the remainder of the Claim, which has prevented the Policyholders from repairing and rebuilding the Complex, and resuming normal business operations (Amended Compl. at ¶ 77);

- Hanover delayed issuing payment of amounts due under the Policies (Amended Compl. at ¶ 99);

- Hanover failed to promptly return communications with respect to the Policyholders' claim for coverage (Amended Compl. at ¶ 99); and

8

- Hanover failed to effectuate a prompt, fair and equitable settlement of the Policyholders' claim when its coverage obligations were clear (Amended Compl. at ¶ 99).

Accordingly, Plaintiffs allegations are not that Hanover has simply "fail[ed] to pay the $500," rather Plaintiffs allege that Hanover breached the duty of good faith and fair dealing "in paying after the date on which the money was implicitly understood to be needed."

In light of the foregoing, it is disingenuous for Hanover to assert in its Opposition that the Amended Complaint is "insufficient to provide Mass Bay with notice of the factual basis for the claim."  Opp. at 10.

Hanover then cites to inapplicable New Jersey authority to support its argument that the breach of the duty of good faith and fair dealing is unsupportable. Opp. at 10.  In addition to lacking precedential value, the case, if anything, supports Plaintiffs' position.  In *YAPAK*, the policyholder simply alleged that Hanover's conduct was "willful, wanton, and malicious," that Hanover "breached the common law duty of good faith and fair dealing," and that "there was no 'fairly debatable' reason for the Defendants to not make payments."  2009 U.S. Dist. LEXIS 96361 at *5.  Although this case suggests that Hanover's conduct is often at issue in such disputes, the case fails to support Hanover's contention here as Plaintiffs do much more than state that Hanover acted in violation of the duty of good faith and fair dealing.  Rather, and the reason that the case actually supports Plaintiffs' position, is that the Amended Complaint details the manner in which Hanover breached the duty of good faith and fair dealing, for example, by failing to make prompt payments to Plaintiffs for undisputed

9

amounts due under the policies.  *See, e.g.*, Amended Compl. at ¶¶ 75-77, 99.

Accordingly, under the applicable pleading rules, Plaintiffs have sufficiently alleged a

breach of the duty of good faith and fair dealing against Hanover.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File First

Amended Complaint should be granted.

Dated:   February 5, 2015          **ANDERSON KILL P.C.**
         New York, New York

By:  /s/ Peter A. Halprin
       Finley T. Harckham, Esq.
       Peter A. Halprin, Esq.
       Bruce E. Strong, Esq.
       1251 Avenue of the Americas
       New York, NY 10020
       Telephone:  (212) 278-1000
       Facsimile:  (212) 278-1733

       *Attorneys for Plaintiff*

nydocs1-1044304.4