# Robinson+Cole

JOHN P. MALLOY

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
jmalloy@rc.com
Direct (860) 275-8337

*Via ECF*

March 25, 2015

Hon. Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: ***220 Coster, LLC, et. al v. Massachusetts Bay Ins. Co.,***
**Docket No. 14-cv-7027 (AJN)**

Dear Judge Nathan:

This firm represents defendant Massachusetts Bay Insurance Company ("Mass Bay") in the above-referenced action. Please accept this letter as a response to Plaintiffs' recent correspondence concerning the deposition of James Hennessey (ECF No. 28), and as a letter motion requesting a 30-day extension of the existing discovery deadlines.

Hennessey Deposition

Plaintiffs served a notice of deposition of Mr. Hennessey on March 6, 2015, scheduling the deposition for April 1st. I promptly ascertained Mr. Hennessey's availability, and advised Plaintiffs' counsel on March 8th that Mr. Hennessey was not available on April 1st. I was then informed that Mr. Hennessey had a long-planned vacation scheduled from March 27th through April 3rd, which is Good Friday. Plaintiffs suggested taking Mr. Hennessey's deposition on Monday, April 6th, however that would have required Mr. Hennessey to travel on Easter Sunday, which he is understandably unable to do. I discussed Mr. Hennessey's availability with him yesterday, and was advised that over the next several weeks he is unavailable because he is either traveling in connection with other claims he is handling, including a week-long inspection of a substantial loss in New Jersey in which claim consultants are traveling in from out of state to assist Mr. Hennessey with his inspection, or because his wife is traveling on business, which makes it impossible for Mr. Hennessey to travel because he needs to be home with his children.

**Robinson+Cole**

Hon. Alison J. Nathan
March 25, 2015
Page 2

Mass Bay certainly recognizes that Plaintiffs have the right to take Mr. Hennessey's deposition, however it is simply not possible to schedule this deposition in the timeframe requested by Plaintiffs. This problem could be solved by extending the current discovery cut-off dates which, as discussed below, we respectfully submit is warranted due to the introduction of new claims in Plaintiffs' amended complaint.

Discovery Should Be Extended

Plaintiffs were granted leave to file an amended complaint, which was filed on March 5, 2015 (ECF No. 24). Mass Bay served its answer to the amended complaint one week ago, on March 18, 2015 (ECF No. 25). The amended complaint introduces claims relating to costs associated with shoring-up the building post-fire, and for the removal of asbestos-contaminated debris. Plaintiffs characterize these costs as relating to Mass Bay's investigation into the cause and origin of the fire, and thus compensable in addition to policy limits, rather than as "debris removal" which is subject to policy limitations. See, e.g., First Amended Compl., ¶¶ 16, 75. The amended complaint thus introduces for the first time in this litigation a claim for "unjust enrichment" (count two), in which Plaintiffs allege that Mass Bay agreed to reimburse the insured for certain work, and that because this work was for Mass Bay's benefit, Mass Bay as an equitable matter should be obligated to pay for it. Id., ¶¶ 89-96. The amended complaint also introduces, for the first time in this litigation, a claim for "breach of the duty of good faith and fair dealing" (count three). In this count, Plaintiffs generally allege that Mass Bay unjustifiably and unreasonably delayed paying the insureds' claims, and otherwise engaged in dilatory tactics. Id., ¶¶ 98-100.

The addition of these claims will require Mass Bay to take discovery that was not necessary previously. For example, due to the allegations concerning alleged promises by Mass Bay to pay for work Plaintiffs characterize as relating to the cause and origin investigation, rather than debris removal, it is necessary to take the depositions of individuals involved in the relevant discussions concerning this claim. These include, but may not be limited to: Marc Strongwater, Plaintiffs' contractor; Gary Schwartz, one of Plaintiffs' public adjusters; Gene Pietzak, Mass Bay's cause and origin consultant; Dipo H. Aka-Bashorun of People's Environmental, Inc., who was involved in asbestos abatement; Nicholas Bencivenga of DBI Construction Consultants, who was also involved in discussions regarding debris removal; Werner R. deFoe, RA, Borough Commissioner, and Timothy D. Lynch, P.E. of the New York Department of Buildings, both of whom are believed to have knowledge regarding shoring-up of the building and asbestos abatement; Ben Lavon, P.E., Plaintiffs' consulting engineer; and Oscar Morales of

# Robinson+Cole

Hon. Alison J. Nathan
March 25, 2015
Page 3

Environmental Appraisers & Builders, who is believed to have information concerning asbestos abatement.

We believe the foregoing depositions will generally be brief, and it is likely that more than one deposition can be taken per day, however it is simply not feasible to complete all of these depositions by the current April 10th deadline. Moreover, Plaintiffs' claims for "unjust enrichment" and "bad faith" (which Mass Bay continues to deny) did not develop recently; the alleged facts to support these claims were well known to Plaintiffs when they filed their initial complaint on November 5, 2014 (ECF No. 12). Mass Bay should not be prejudiced in its ability to defend this action, and in particular the newly asserted claims in the amended complaint, because Plaintiffs chose to wait until January 2015 to file their motion for leave to amend (ECF Nos. 18-20). Simply put, more than 35 days (March 5 filing of the amended complaint, through the current April 10 discovery cut-off) are required to complete discovery on Plaintiffs' new claims. It would be fundamentally unfair to limit Mass Bay's ability to take discovery on these claims, which Plaintiffs only recently asserted.

We therefore respectfully request that the deadlines in the current scheduling order be extended by 30 days, to allow Mass Bay to conduct and complete the discovery outlined above. We respectfully submit that this brief extension will not materially delay the ultimate resolution of this matter, particularly as the Court recently rescheduled the status conference from April 24th to May 8th.

Thank you for the Court's attention and consideration of this matter.

Respectfully,

John P. Malloy

Copy to:   All Counsel of Record (via ECF only)