# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Peter A. Halprin, Esq.
Phalprin@andersonkill.com
212-278-1165

March 26, 2015

**_Via ECF_**

The Honorable Judge Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 906
New York, NY 10007

        Re:   *220 Coster, LLC and B&M Linen Corp. d/b/a Miron & Sons Linen v. Massachusetts Bay Insurance Co.* 14-cv-7027 (AJN)

Dear Judge Nathan:

      We represent Plaintiffs 220 Coster, LLC and B&M Linen Corp. in the above-referenced action. We write in response to Defendant Massachusetts Bay Insurance Company's ("Hanover") letter motion requesting a 30-day extension of the discovery deadlines.

      Your Honor's December 12, 2014 Scheduling Order (the "Scheduling Order") set forth specific deadlines for both parties to serve initial disclosures, amend their pleadings, serve document requests, conduct depositions, and complete fact discovery. Plaintiffs have fully complied with the Scheduling Order. Hanover has not. Indeed, Hanover failed to produce a single document within two months of receiving Plaintiffs' document requests, did not produce a privilege log until this week, and failed to provide a date for the deposition of James L. Hennessey, the <u>only</u> deposition Plaintiffs requested, within the time provided for in the Scheduling Order. Hanover's attempt to further delay these proceedings is not warranted.

      As an initial matter, Hanover contends that it received the Amended Complaint "one week ago" and therefore requires additional time to conduct discovery. However, Plaintiffs' filed their Motion to Amend the Complaint on January 12, 2015, (following a pre-motion request for consent to amend) which contained the proposed Amended Complaint as an exhibit. Accordingly, Hanover cannot reasonably argue that it needs an additional month to conduct discovery on issues that were noticed back in January.

New York, NY ■ Ventura, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA ■ Dallas, TX

**nydocs1-1047075.3**

**Anderson Kill P.C.**

Hon. Alison J. Nathan
March 26, 2015
Page 2

  Second, Hanover contends that the two additional causes of action will require it "to take discovery that was not necessary previously."[1] Hanover contends that in light of these new allegations, it will need to depose nine new individuals with knowledge of the claim. What Hanover did not disclose in its letter is that it already included five of these individuals in its initial disclosures. The other four individuals Hanover just noticed yesterday afternoon in revised initial disclosures, a mere two hours before filing its letter motion. These are individuals that either were hired by Hanover to help handle Plaintiffs' claim or that Hanover knew of well before Plaintiffs filed the Amended Complaint, and certainly long before yesterday afternoon. Email correspondence involving Hanover representatives confirm that they have been aware of the involvement of these individuals in the cause and origin work since August 2012. Further, even Plaintiffs original complaint, filed on November 5, 2014, discusses the "work to remove debris," "shore up the complex," and "conduct asbestos abatement." Compl. at ¶15. As such, Hanover was well aware of the "new" potential witnesses it just noticed in its revised initial disclosures, months if not years ago.

  Accordingly, Plaintiffs' respectfully submit that Hanover's attempt to delay these proceedings further should be denied. We are available to discuss this matter with the Court by conference call at Your Honor's convenience. Thank you for your consideration of this request.

                Respectfully submitted,

                /s/ Peter A. Halprin

                Peter A. Halprin, Esq.

PAH
cc: John P. Malloy, Esq. (by ECF)

---

[1] Hanover's contentions are belied by their own Opposition to Plaintiffs' Motion to Amend the Complaint where they argued that the additional causes of action were duplicative of the breach of contract action.

nydocs1-1047075.3